+++++PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE LEE, | ) | CASE NO.  1:22-cv-1945 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN GEORGE FREDRICK,[1] | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 11] |

Having been convicted in the Cuyahoga County Court of Common Pleas and sentenced to a 24-year to life term of incarceration, Petitioner Andre Lee seeks a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  Pursuant to Northern District of Ohio Local Rule of Civil Procedure 72.2, the matter was referred to the assigned magistrate judge to prepare a Report and Recommendation on December 6, 2024.  ECF No. 8.

Now pending before the Court are Petitioner's Objections to the Magistrate Judge's Report and Recommendation.  ECF No. 11.  Respondent did not respond.  For the following reasons, Petitioner's objections are overruled, the Report and Recommendation (ECF No. 8) is adopted, and the request for a writ of habeas corpus (ECF No. 1) is denied.

---

[1] Pursuant to Fed. R. Civ. P. 25(d) and Rule 2(a) of the Habeas Rules, Warden Frederick is substituted as the proper respondent.

(1:22CV1945)

# I.    PROCEDURAL BACKGROUND

## A.  State trial and direct appeal

In May 2019, Petitioner was indicted in two criminal cases in Cuyahoga County: CR-19-639510 ("Murder Case") and CR-19-640209 ("Drug Case").  ECF No. 1; ECF No. 11.  He pled not guilty in both cases.  The State moved for joinder of the cases in August 2019.  ECF No. 1; ECF No. 11.  On September 19, 2019, a Cuyahoga County grand jury re-indicted Petitioner, combining the charges from the two cases as follows:

(1) two counts of murder, in violation of Ohio Rev. Code § 2903.02(A) and (B);

(2) one count of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1);

(3) one count of voluntary manslaughter, in violation of Ohio Rev. Code § 2903.03(A);

(4) one count of having weapons under disability, in violation of Ohio Rev. Code § 2923.13(A)(2);

(5) one count of carrying a concealed weapon, in violation of Ohio Rev. Code § 2925.12(A)(2);

(6) two counts of drug possession, in violation of Ohio Rev. Code §2925.11(A); and

(7) one count of possessing criminal tools in violations of Ohio Rev. Code § 2923.24(A).

ECF No. 8 at PageID #: 1061; ECF No. 5-1 at PagID ##: 94–102.  He pled not guilty and was appointed counsel.  ECF No. 8 at PageID #: 1061.

Petitioner's weapons-under-disability charge was tried to the bench; the remaining charges were tried to a jury.  ECF No. 8.  The jury acquitted Petitioner of one count of murder and one count of voluntary manslaughter but found him guilty on the remaining charges.  The trial court found Petitioner guilty of the weapons-under-disability charge.  He was sentenced to an aggregate term of 24 years to life incarceration.

Petitioner timely appealed his conviction to the Eighth District Court of Appeals, raising one assignment of error:

(1:22CV1945)

> The Defendant-Appellant, Andre Lee, was denied his right to due process of law and equal protection under the law as guaranteed by the United States and Ohio constitutions, when the prosecuting attorney was permitted by the trial court to exercise a pattern of peremptory challenges directed against African-American prospective jury members, all in violation of the teachings of *Batson v. Kentucky*, 106 S.Ct. 1712 (1986).

ECF No. 5-1 at PageID #: 136.  His assignment of error was overruled.  ECF No. 5-1 at PageID #: 232; *State v. Lee*, 8th Dist. Cuyahoga No. 109215, 2020 WL 7396520, at *6 (Ohio Ct. App. Dec. 17, 2020).  Petitioner then appealed to the Ohio Supreme Court (ECF No. 5-1 at PageID ##: 235–46) advancing one proposition of law:

> **Proposition of Law No. I:** Appellant's constitutionally guaranteed rights were violated by the exclusion of Black jurors and that error was compounded by the failure to hold a hearing pursuant to *Batson* as to one of the jurors in question.

ECF No. 5-1 at PageID #: 243.  The Ohio Supreme Court declined jurisdiction.  ECF No. 5-1 at PageID #: 262; *State v. Lee*, 162 Ohio St.3d 1422 (Ohio 2021).  Petitioner did not seek a writ of certiorari.

### B.  Application to reopen the direct appeal

On March 17, 2021, and through new appellate counsel, Petitioner timely submitted an application to reopen his direct appeal pursuant to Ohio App. R. 26(B)(2)(C) advancing nine assignments of error:

> **Proposed Assignment of Error 1:**  The failure to inquire into the conflict in the attorney-client relationship before denying Mr. Lee's motion to discharge counsel is structural error.

> **Proposed Assignment of Error 2:** Trial counsel was ineffective for failing to move to sever irrelevant and prejudicial counts.

> **Proposed Assignment of Error 3:** Appellant was denied effective assistance of counsel where trial counsel failed to move for the exclusion of irrelevant and prejudicial evidence.

3

(1:22CV1945)

>**Proposed Assignment of Error 4:** The admission of opinion testimony over objection, denial of motion for mistrial, and failure to provide a narrowly tailored limiting instruction resulted in a denial of Appellant's right to due process.
>
>**Proposed Assignment of Error 5:** The trial court erred in admitting gruesome, irrelevant photographs over defense objections.
>
>**Proposed Assignment of Error 6:** The inclusion of the flight instruction over the objection of defense counsel was reversible, prejudicial error.
>
>**Proposed Assignment of Error 7:** Incomplete and inaccurate self-defense jury instruction, given over defense objection, constituted structural error and a denial of Appellant's due process rights.
>
>**Proposed Assignment of Error 8:** Appellant's conviction was against the manifest weight of the evidence.
>
>**Proposed Assignment of Error 9:** The State failed to present sufficient evidence to prove each and every element of the offense beyond a reasonable doubt.

ECF No. 5-1 at PageID ##: 267–73.  The State opposed reopening, arguing the assignments of error were meritless, and appellate counsel was not ineffective for failing to raise meritless issues. ECF No. 5-1 at PageID ##: 287–92.  The Eighth District agreed and declined to reopen the direct appeal.  ECF No. 5-1 at PageID ##: 295–309; *State v. Lee*, 8th Dist. Cuyahoga No. 109215, 2021 WL 3780590 (Ohio Ct. App. Aug. 20, 2021).  Petitioner appealed again to the Ohio Supreme Court, advancing five positions of law:

>**PROPOSITION OF LAW No. I**:  Where an accused seeks to discharge his counsel, the trial court errs in denying the accused the opportunity to explain the attorney-client conflict as he perceives it.
>
>**PROPOSITION OF LAW No. II:** Failure to object to the prejudicial joinder of unrelated counts constitutes ineffective assistance of counsel, which deprives a defendant of the constitutionally guaranteed right to the effective assistance of counsel granted by the Sixth Amendment of the United States Constitution.

(1:22CV1945)

> **PROPOSITION OF LAW No. III:** The failure to challenge irrelevant inconclusive, and prejudicial evidence renders counsel's representation so deficient as to deprive an accused of his constitutionally guaranteed right to counsel granted by the Sixth Amendment to the United States Constitution.
>
> **PROPOSITION OF LAW No. IV:** Failure to remain on scene, without more, does not constitute consciousness of guilt sufficient to warrant the inclusion of the "flight instruction" within the jury instructions.
>
> **PROPOSITION OF LAW No. V:** A conviction unsupported by sufficient evidence results in a violation of an accused's right to due process guaranteed by the Fourteenth Amendment to the United States Constitution.

ECF No. 8 at PageID #: 1064 (citing ECF No. 5-1 at PageID ##: 321–31).  The Ohio Supreme Court denied the application to reopen.  ECF No. 5-1 at PageID #: 335; *State v. Lee*, 165 Ohio St.3d 1480 (Ohio 2021).

### C.  Report and Recommendation

Petitioner filed the instant habeas petition (ECF No. 1), asserting four grounds for relief:

> **GROUND ONE:** Denial of due process and the effective representation of [trial] counsel.
>
> **GROUND TWO:** Trial counsel's failure to object to prejudicial joinder resulted in the denial of the effective assistance of counsel as guaranteed by the Sixth Amendment.
>
> **GROUND THREE**: Trial counsel's failure to object to irrelevant, inconclusive, and prejudicial evidence is ineffective and a violation of the Sixth Amendment.
>
> **GROUND FOUR:** Legally and factually unsupported jury instructions undermine confidence in a jury verdict resulting in a violation of due process.

ECF No. 1.  In his memorandum of support, Petitioner raises two additional grounds for relief:

> **GROUND FIVE:** The conviction was based on legally insufficient evidence which resulted in a violation of Petitioner's right to due process.

(1:22CV1945)

> **GROUND SIX**: Petitioner was denied the effective assistance of [appellate] counsel.

ECF No. 1-1 at PageID ##: 28–31.  Petitioner does not contest that Grounds One through Five are procedurally defaulted.  Rather, he argues that Ground Six (ineffective assistance of appellate counsel) excuses the defaulted grounds.  ECF No. 7 at PageID ##: 1035–37.

On December 6, 2024, Magistrate Judge Darrell A. Clay issued a Report and Recommendation recommending the Court deny the petition.  ECF No. 8.  Magistrate Judge Clay concluded that Grounds One through Five were procedurally defaulted "because [Petitioner] did not fairly present those claims in the Eighth District, instead arguing a single jury-selection issue."  ECF No. 8 at PageID #: 1072.  After noting that Petitioner abandoned four of his additional nine assignments of error in his application to reopen, the magistrate judge concluded that Petitioner fairly presented his ineffective assistance of appellate counsel claim to the Eighth District, and, therefore, Ground Six was not procedurally defaulted.

Next, the magistrate judge considered whether Ground Six is sufficient to excuse Petitioner's failure to raise Grounds One through Five on direct appeal.  Applying the standard for ineffective assistance of counsel from *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) to each procedurally defaulted ground, the magistrate judge concluded that Petitioner could not demonstrate that trial or appellate counsels' performances fell below an "objectively reasonable" standard such that he was prejudiced.  ECF No. 8 at PageID ##: 1074–88.  Accordingly, the magistrate judge found Ground Six does not excuse the procedural default of Grounds One through Five and recommended that the Court dismiss Grounds One through Five.

Turning to the merits of Ground Six, the magistrate judge assessed whether the Eighth District's assessment of his ineffective assistance of appellate counsel claim was (1) contrary to, or involved unreasonable application of, federal law, or (2) resulted in a decision based on an

(1:22CV1945)

unreasonable determination of facts considering the evidence presented at trial.  ECF No. 8 at PageID #: 1089.  The magistrate judge determined that Petitioner's ineffective assistance of appellate counsel claim is meritless because the Eighth District's decision regarding each proposed assignment of error was neither contrary to, nor an unreasonable application of *Strickland*.  Nor was the determination unreasonable considering the facts developed at trial.  ECF No. 8 at PageID #: 1090.  Accordingly, the magistrate judge recommended the Court deny Ground Six.  Finally, the magistrate judge recommended that the Court deny Petitioner a certificate of appealability.  ECF No. 8 at PageID #: 1091.

Petitioner objects to the Report and Recommendation on Grounds Two, Four, and Six.  ECF No. 11.  He argues he is entitled to a certificate of appealability.  Respondent did not respond.

## II.       STANDARD OF REVIEW

When a petitioner makes an objection to a magistrate judge's report and recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. P. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*  Objections "must be specific in order to trigger the de novo review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2)).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at

(1:22CV1945)

*4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)).  "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.* (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)).  "A general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Potter*, 2020 WL at *1.

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)–(2); *see also Wilson v. Sheldon*, 874 F.3d 470, 474–475 (6th Cir. 2017).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  "A federal court may not issue the writ on the basis of a perceived error of state law." *Nguyen v. Warden, N. Cent. Corr. Inst.*, No. 19-3308, 2019 WL 4944632, at *4 (6th Cir. July 24, 2019) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.  *See Mason v. Nagy*, No. 21-1040, 2021 WL 6502177, at *3 (6th Cir. July 27, 2021) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) (stating that "[a]

8

(1:22CV1945)

violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.").

### III.     DISCUSSION

#### A.  Procedural Barriers to Habeas Review

Before a federal court will review the merits of a habeas petition under § 2254, "a state prisoner must first exhaust all possible state remedies." *Hinton v. Frederick*, No. 5:24-cv-1266, 2024 WL 4349367, at *2 (N.D. Ohio Sept. 30, 2024) (Oliver, J.) (citing *Baldwin v. Reese*, 541 U.S. 27 (2004)).  Exhaustion requires that a claim is "fairly presented to the state courts." *Whitman v. Gray*, 104 F.4th 1235, 1238 (6th Cir. 2024) (citing *Wagner v. Smith* 581 F.3d 410, 414 (6th Cir. 2009)).  This requirement is satisfied when a petitioner has argued the factual and legal basis for their claims at each level of the state court system.  *Id*.

Emanating from the exhaustion requirement is the doctrine of procedural default, which applies if:

> (1) the petitioner fails to comply with a state procedural rule;
>
> (2) the state courts enforce the rule;
>
> (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and
>
> (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (quoting *Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010)) (cleaned up); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  It is Petitioner's burden to demonstrate both (1) some cause or excuse for the default and (2) actual

(1:22CV1945)

prejudice from the alleged constitutional error.  *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022).

When "cause and prejudice" are based on claims of ineffective assistance of counsel—as in this case—the petitioner "must show that there is a 'reasonable probability' that they would have won on an issue that the attorney failed to raise."  *Id.* at 603 (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)).  Accordingly, the analysis of Petitioner's "cause and prejudice" argument "oddly" requires consideration of the merits of his procedurally defaulted claim.  *Id.* at 601 (citing *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017)).  Because courts presume counsel is effective, a habeas petitioner has a significant hurdle in establishing ineffectiveness.  *See, e.g.,* *Davis v. Jenkins*, 115 F.4th 545, 564 (6th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).  A petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced them at trial or during appeal.  *Strickland*, 466 U.S. at 687.  "The motion must be so obviously meritorious that 'no competent attorney would think a motion . . . would have failed.'"  *Randolph v. Macauley*, 155 F.4th 859, 874 (6th Cir. 2025) (Thapar, J. concurring) (quoting *Premo v. Moore*, 562 U.S. 115, 124 (2011)).

The Report and Recommendation considered the merits of each of Petitioner's defaulted grounds and found the Eighth District's determination that Petitioner's ineffective assistance of appellate counsel claim failed was not: (1) contrary to, or an unreasonable application of, federal law; or (2) unreasonable considering the evidence presented at trial.  *See* 28 U.S.C. § 2254(d)(1)–(2); *see also* *Wilson*, 874 F.3d at 474–475.  The Court concurs.

**B.  Grounds for Relief One, Three and Five**

A habeas petitioner has a "duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D.

10

(1:22CV1945)

Ohio 2014) (citation omitted).  Since Petitioner did not object to the magistrate judge's

recommendation that Grounds One, Three, and Five be dismissed as procedurally defaulted, the

Court need not review them *de novo.  See id*.  Therefore, the Court adopts the Report and

Recommendation and Grounds One, Three, and Five are dismissed as procedurally defaulted.

### C. Ground Six is Insufficient to Excuse the Procedural Default of Grounds Two and Four.

*1. Objection One: Second Ground for Relief*

In his second ground for relief, Petitioner claims that his trial counsel was ineffective by

failing to move the trial court to sever the drug possession charges under Ohio Crim. R. 14.  To

succeed on this claim, he must demonstrate that, but for his trial counsel's ineffective

performance, his motion to sever would have succeeded.  *See Randolph*, 155 F.4th at 874 (6th

Cir. 2025) (Thapar, J. concurring).  He has not done so.

Under Ohio Crim. R. 8(A), two or more offenses may be charged together if they are: (1)

of the same or similar character; (2) based on the same act or transaction; (3) based on two or

more connected acts or transactions or constitute parts of a common scheme or plan; or (4) part

of a course of criminal conduct.  *State v. Wilson*, 51 N.E.3d 676, 682 (Ohio Ct. App. 2016).

Joinder is the rule, *see State v. Whipple*, 972 N.E.3d 1141, 1145 (Ohio Ct. App. 2012), and "is

liberally permitted to conserve judicial resources, reduce the chance of incongruous results in

successive trials, and diminish inconvenience to the witnesses."  *State v. Schaim*, 65 Ohio St.3d

51, 58 (Ohio 1992).

A defendant may move to sever charges under Ohio Crim. R. 14 "[i]f it appears that

[they] . . . [are] prejudiced by a joinder of offenses."  *Id*. (quoting Ohio Crim. R. 14).  It is the

defendant's burden to show prejudice by joinder and that denied severance is an abuse of

discretion.  *Whipple*, 972 N.E.3d at 1145.  The state may rebut a claim of prejudice by showing

(1:22CV1945)

that the evidence of the joined offense is either: (1) admissible in separate trials as "other acts" under Ohio Evid. R. 404(B); or (2) simple and direct. *Id*. at 1146 (quoting *State v. Lott*, 51 Ohio St.3d 160, 163 (Ohio 1990)); *State v. Hale*, 8th Dist. Cuyahoga No. 113078, 2024 WL 1794998, at *7 (Ohio Ct. App. Apr. 25, 2024).  "The two tests are disjunctive, so that the satisfaction of one negates a defendant's claim of prejudice without consideration of the other." *State v. Wright*, 4th Dist. Jackson No. 16CA3, 2017 WL 5664766, at *10 (Ohio Ct. App. Nov. 16, 2017); *State v. Franklin*, 62 Ohio St.3d 118, 122 (Ohio 1991).

Petitioner conflates the two joinder tests, framing both within the scope of Ohio Evid. R. 404(B).  ECF No. 7 at PageID #: 1042; ECF No. 11 at PageID ##: 1100–01.  His arguments were not well taken by either the Eighth District or the magistrate judge, both of which concluded he was not prejudiced by the joinder because the "simple and direct" evidence test was satisfied. ECF No. 7 at PageID #: 1041; ECF No. 8 at PageID #: 1080.  The Court is also unpersuaded.

Evidence is "simple and direct" if: "(1) the jury is capable of readily separating the proof required for each offense, (2) the evidence is unlikely to confuse the jurors, (3) the evidence is straightforward, and (4) there is little danger that the jury would 'improperly consider testimony on one offense as corroborative of the other.'" *Hale*, at *8 (citing *Wright*, 2017 WL 5664766, at *10).  The facts concerning the drug possession charges were not complicated, as it is undisputed that Petitioner had drugs in his possession when he was arrested. *See, e.g.,* ECF No. 5-2 at PageID #: 534 ("[W]e're not denying that [Petitioner] had a gun on him the next day or drugs on him the next day.").  Petitioner offers no indication that the evidence relating to the drug charges was confused with the evidence relating to the murder charges.

Furthermore, "[e]ven whe[n] the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *State v. Luckie*, 106

12

(1:22CV1945)

N.E.3d 289, 297 (Ohio Ct. App. 2018) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).  In this case, the trial court instructed jurors that:

> The charges set forth in each count in the indictment constitute a separate and distinct matter.  You must consider each count and the evidence applicable to each count separately, and you must state your findings as to each count uninfluenced by your verdict as to the other counts.  The defendant may be found guilty or not guilty of any of the offenses charged.

ECF No. 5-4 at PageID #: 956.  Properly instructed juries are presumed "capable of considering evidence for one purpose and not the other."  *United States v. Xu*, 114 F.4th 829, 842–43 (6th Cir. 2024) (internal citations and quotations omitted).  Petitioner has not demonstrated an "overwhelming probability" that the jury was unable to follow those instructions.  *See id*.  Because the "simple and direct" evidence test is satisfied, it is unnecessary to determine whether the drug evidence was admissible as "other acts."  *See Wright*, 2017 WL 5664766, at 10.

Petitioner objects to this conclusion, arguing that the jury instructions did not cure the potential prejudice caused by joinder.  He relies on *State v. Hartman*, 161 Ohio St.3d 214 (Ohio 2020), wherein the Ohio Supreme Court held that evidence of the defendant's abuse of his stepdaughter was inadmissible to establish a modus operandi of sexually assaulting women while they slept.  That case is inapposite because it concerned whether "other acts" evidence was properly admitted under Ohio Evid. R. 404(B), not whether joinder was proper under Ohio Crim. R. 8 or whether severance was necessary under Ohio Crim. R. 14.  *Id*. at 666–67.  As explained above, whether the drug-possession evidence constituted admissible "other acts" evidence is immaterial because such evidence was simple and direct, and the jury was instructed to consider the evidence for the drug possession and murder charges separately.

Accordingly, Petitioner has not demonstrated that, but for his trial attorney's failure to move, he would have succeeded on a motion to sever his drug possession charges.  Because he

13

(1:22CV1945)

cannot demonstrate ineffective assistance of trial counsel, the Eighth District's decision that his appellate counsel's performance was not deficient was not contrary to, or an unreasonable application of, federal law, nor unreasonable considering the evidence presented at trial.  Ground Two is dismissed as procedurally defaulted.

### 2. Objection Two: Fourth Ground for Relief

In his fourth ground for relief, Petitioner argues that the trial court erred when it gave the jury the "flight instruction" over the defense's objections because there was insufficient evidence introduced at trial supporting the inclusion of that instruction.  ECF No. 1-2 at PageID ##: 27–28; ECF No. 7 at PageID #: 1048; ECF No. 11 at PageID ##: 1105–08.

In Ohio, whether to give a jury instruction on flight "is typically within the sound discretion of the trial court" and reviewed for abuse of discretion.  State v. Dunn, 8th Dist. Cuyahoga No. 101648, 2015 WL 4656534, at *8 (Ohio Ct. App. Aug, 6, 2015).  The flight instruction is not warranted merely because a defendant left the scene of a crime.  State v. Guffie, 245 N.E.3d 448, 480 (Ohio Ct. App. 2024) (citing State v. Dunn, 8th Dist. Cuyahoga No. 101648, 2015 WL 4656534, at *8 (Ohio Ct. App. Aug, 6, 2015)).  Rather, there must be some evidence that the defendant "took affirmative steps to avoid detection and apprehension beyond simply not remaining at the scene of the crime."  Id.  Petitioner insists that there was insufficient evidence to support a flight instruction.  ECF No. 7 at PageID #: 1048; ECF No. 11 at PageID ##: 1105–08.  The Eighth District disagreed, concluding that evidence adduced at trial demonstrated that Petitioner fled the scene after the murder and was later arrested following a tip and, in any event, was not prejudicial.  Lee, 2021 WL 3780590, at *5.  The magistrate judge did not address whether the instruction was proper.  ECF No. 8.

(1:22CV1945)

Even if the instruction was not warranted, reversal is inappropriate "unless it is clear that the jury instruction constituted prejudicial error."  *Guffie*, 245 N.E.3d at 480 (citing *State v. McKibbon*, 1st Dist. Hamilton No. C-010145, 2002 WL 727009, at *4 (Ohio Ct. App. Apr. 26, 2002)).  A jury instruction constitutes prejudicial error if, as a whole, it results in a manifest miscarriage of justice.  *Id*.  As noted in the Report and Recommendation, Ohio courts frequently find that instructing a jury on flight, even if unwarranted, is not prejudicial error when, as a whole, "it allowed the jury to reach its own conclusions on the issue of flight, including whether [the defendant] actually fled the scene, and [the defendant's] motivation for leaving the scene."  *State v. Terry*, 220 N.E.3d 938, 950 (Ohio Ct. App. 2023) (citing *State v. Davis*, 8th Dist. Cuyahoga No. 109890, 2021 WL 2838407, at *6 (Ohio Ct. App. July 8, 2021)); *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014 WL 4100944, at *8 (Ohio Ct. App. Aug. 21, 2014).

In this case, the trial court provided the jury with the following instructions:

> Testimony has been admitted indicating that the defendant fled the scene.  You are instructed that the fact that the defendant fled the scene does not raise a presumption of guilt, but if may tend to indicate the defendant's consciousness of guilt.
>
> If you find the facts do not support that the defendant fled the scene, or if you find that some other motive prompted the defendant's conduct, or if you are unable to decide what the defendant's motivation was, then you should not consider this evidence for any purpose.
>
> However, if you find that the facts support that the defendant engaged in such conduct and if you decide that the defendant was motivated by a consciousness of guilt, you may, but are not required to, consider that evidence in deciding whether the defendant is guilty of the crimes charged.

ECF No. 5-4 at PageID ##: 977–78; ECF No. 8 at PageID #: 1084.  The trial court explicitly told jurors that fleeing the scene of the shooting *did not* raise a presumption of guilt.  Moreover, jurors were instructed that it was their responsibility to find: first, whether Petitioner had, in fact,

15

(1:22CV1945)

fled the scene of the shooting; second, if so, whether he was motivated by consciousness of guilt or some other innocent reason; and third, what weight, if any, to give such evidence.  *See State v. Nichols*, 9th Dist. Summit No. 24900, 2010 WL 4867383, at *3 (Ohio Ct. App. Nov. 24, 2010). As such, Petitioner cannot demonstrate the flight instruction given to the jury amounted to prejudicial error because the jury was properly instructed on its role and the law as applied to the facts.

Because Petitioner cannot demonstrate a reasonable probability that he would succeed on the merits of Ground Four, his ineffective assistance of appellate counsel claim fails and cannot serve as cause for his procedurally defaulted claim.  Ground Four is procedurally defaulted and, therefore, dismissed.

### D.  Objection Three: Sixth Ground for Relief

Petitioner's final objection to the Report and Recommendation concerns the magistrate judge's determination regarding the merits of his ineffective assistance of appellate counsel claim, his sixth ground for relief.  ECF No. 11 at Page #: 1108.

As noted above, Petitioner must show that the Eighth District Court of Appeal's decision that his appellate counsel was not ineffective was (1) contrary to, or an unreasonable application of, federal law, or (2) unreasonable in light of the facts presented in the state proceedings.  28 U.S.C. § 2254(d)(1)–(2).  Under *Strickland*, counsel is presumed effective, and it is the petitioner's burden to demonstrate counsel's performance was deficient, prejudicing the petitioner during trial or appeal.  *Strickland*, 466 U.S. at 687, 689.  In determining whether counsel's performance prejudiced the defendant, "Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result." *Ross v. United States*, 339 F.3d 483, 492 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694).

16

(1:22CV1945)

Looking to the merits of Petitioner's ineffective assistance of appellate counsel claim, the magistrate judge concluded that Petitioner failed to demonstrate a "reasonable probability" that but for his counsel's errors, the outcome regarding joinder and the "flight" jury instruction would have been different.  The Court agrees.

It is not a federal court's place to second guess a state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announce on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").  For that reason, the Court is bound by the state appellate court's interpretation of Crim. R. 8 and 14 regarding Petitioner's joinder arguments, and its assessment concerning the flight instruction, both of which are discussed above.  The Court, does not conclude that the state appellate court's application of the *Strickland* standard was unreasonable or contrary to federal law because Petitioner has failed to demonstrate a reasonable probability of a different outcome but for his appellate counsel's failure to raise the assignments of error. Ground Six is denied as meritless.

### E.  Certificate of Appealability

Petitioner's final objection, concerning the magistrate judge's recommendation that---the Court deny a certificate of appealability---is not well taken.  In the Sixth Circuit,

"A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Lynch v. Bradley*, No. 24-6025, 2025 WL 1383785, at *1 (6th Cir. May 13, 2025) (citing 28 U.S.C. § 2253(c)(2)).  Petitioner must "demonstrat[e] that jurist of reason could disagree with the district court's assessment of the constitutional claim or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id*. (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327

17

(1:22CV1945)

(2003)).  Petitioner has made no such showing.  Based on the foregoing analysis, reasonable jurists would not find it debatable that Petitioner did not contest that Grounds One, Three and Five are procedurally defaulted; and that Grounds Two and Four are procedurally defaulted, without sufficient cause to excuse such default; or that Ground Six fails on the merits.

Accordingly, the Court denies Petitioner a certificate of appealability.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's Objections (ECF No. 11) are overruled, the Report & Recommendation (ECF No. 8) is adopted and incorporated herein.  Accordingly, Grounds One through Five are dismissed as procedurally defaulted, and Ground Six is denied as without merit.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

March 2, 2026                                              /s/ Benita Y. Pearson
Date                                                          Benita Y. Pearson
                                                               United States District Judge

18